# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DUANE JACKSON, et al., | Case No. 1:13-cv-01055-LJO-SAB |
| Plaintiffs, | ORDER TO SHOW CAUSE RE CONSOLIDATION FOR ALL PRETRIAL PURPOSES OF RELATED CASES |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |
| COREY LAMAR SMITH, et al., | Case No. 1:14-cv-00060-SAB-LJO |
| Plaintiffs, | ORDER TO SHOW CAUSE RE CONSOLIDATION FOR ALL PRETRIAL PURPOSES OF RELATED CASES |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| FREDERICK BEAGLE, et al., | Case No. 1:14-cv-00430- LJO-SAB |
| Plaintiffs, | ORDER TO SHOW CAUSE RE CONSOLIDATION FOR ALL PRETRIAL PURPOSES OF RELATED CASES |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

On July 9, 2013, a class action was filed in <u>Jackson v. State of California</u>, No. 1:13-cv-

1

1    01055-LJO-SAB (E.D. Cal.).  On January 28, 2014, an order issued finding that <u>Jackson</u> was
2    related to <u>Smith v. Schwarzenegger</u>, No. 1:14-cv-00060-LJO-SAB (E.D. Cal.), another class
3    action filed based upon the same facts.  On March 27, 2014, an order issued finding that a similar
4    class action, <u>Beagle v. Schwarzenegger</u>, No. 1:14-cv-00430-LJO-SAB (E.D. Cal.), was also a
5    related case.

6        The Court has reviewed these three cases and finds that they are not just related, but are
7    based upon the same alleged violations and contain substantially identical legal theories.  All
8    three class actions allege that individuals with an increased susceptibility to Valley Fever were
9    housed at prisons in the endemic area and contracted the disease.

10       Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a
11   common question of law or fact, the court may . . . consolidate the actions. . . ."  Fed. R. Civ. P.
12   42 (a)(2).  "The district court has broad discretion under this rule to consolidate cases pending in
13   the same district."  <u>Investors Research Co. V. U.S. Dist. Court for Cent. Dist. of California</u>, 877
14   F.2d 777 (9th Cir. 1989).

15       The purpose of consolidation is to avoid unnecessary cost or delay where the claims and
16   issues contain common aspects of law or fact.  <u>E.E.O.C. v. HBE Corp.</u>, 135 F.3d 543, 551 (8th
17   Cir. 1998).  However, consolidation is not meant to "merge the suits into a single cause, [] change
18   the rights of the parties, or make those who are parties in one suit parties in another."  <u>Johnson v.</u>
19   <u>Manhattan Ry. Co.</u>, 289 U.S. 479, 496-97 (1933), 289 U.S. 479, 496-97 (1933); <u>see</u> <u>also</u> <u>J.G.</u>
20   <u>Link & Co. v. Continental Cas. Co.</u>, 470 F.2d 1133, 1138 (9th Cir. 1972) ("the law is clear that an
21   act of consolidation does not affect any of the substantive rights of the parties").  In determining
22   whether to consolidate cases, "a court weighs the interest of judicial convenience against the
23   potential for delay, confusion and prejudice caused by consolidation."  <u>Southwest Marine, Inc. v.</u>
24   <u>Triple A Mach. Shop, Inc.</u>, 720 F.Supp. 805, 807 (N.D. Cal. 1989).

25       Based on the foregoing, IT IS HEREBY ORDERED that:
26       1.    On or before May 21, 2014, the parties are to show cause in writing why the above
27           captioned actions should not be consolidated for all pretrial purposes, including
28           but not limited to: scheduling, discovery, and dispositive motions practice;

2. The parties may file an opposition to the opposing parties response on or before May 28, 2014; and

3. If the Court finds that a hearing on the matter is necessary, such hearing shall be set at a later date.

IT IS SO ORDERED.

Dated: **May 7, 2014**

UNITED STATES MAGISTRATE JUDGE

3